## Bernard H. Scheftels et al. v. Oscar Heine.

### Gen. No. 13,710.

BROKERS AND FACTORS—*when authority of agent to bind not established.*  *Held*, that the authority of an employee of a stock brokerage firm to bind such firm to make a purchase of stock is not established by the evidence.

Assumpsit.  Error to the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding.  Heard in this court at the October term, 1907.  Reversed and remanded.  Opinion filed March 19, 1908.

ELDRIDGE & ROSE, for plaintiffs in error.

ISAAC O. GOLDSTINE, for defendant in error.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

On the 31st day of December, 1906, at 8:45 o'clock in the morning, Oscar Heine having no money, but owning 100 shares of Daily West mining stock, concluded to invest in 100 shares of Trinity mining stock. With the intent of accomplishing this purpose, he called up B. H. Scheftels & Co., stock brokers, on the telephone, asking for Cyrus W. George, a general clerk in their employ, and requested that the stock be purchased for his account that day. In answer to a question by George as to payment, Heine stated he had no money, but would put up 100 shares of Daily West mining stock, which the firm could hold for ten days, as the market was advancing, and he would at that time pay $200 on account. George then said he would submit the matter to the firm, and told Heine to call him up again on the telephone at 10 o'clock. George testifies that he had no authority to make a deal of that character except with the approval of the firm; that Heine did not again communicate with him, and that the firm refused to enter into the deal when he submitted it to B. H. Scheftels that morning. Heine rests on the testimony of George to prove the latter's authority to make the deal for the firm, and George denies that he had such authority generally, but only when acting in such matters under the direction and authority of his employers.

Heine sent on the same day the 100 shares of Daly West mining stock to Scheftels & Co. by registered letter, which on the next business day, January 2, 1907, they returned by mail, with a letter stating they would not "carry the Trinity trade as outlined." Thereupon Heine, through Gates & Co., bought the Trinity stock on the market at twenty-five and a half cents; the market on the morning of December 31st opening at eighteen and three-quarters cents. The claim

is for the difference between the latter price and the price at which Heine bought the stock through Gates & Co. A trial before the court and jury resulted in a verdict and judgment for $625.

The conclusions to which we have arrived are based upon the merits of the case as shown by the proofs.

The errors assigned are the overruling of the motion for a new trial and in rendering judgment upon the verdict.

The right to recover must rest for its support on direct proof that a contract was made which was binding upon Scheftels & Co. If a contract was made, it was consummated with George, the employee of Scheftels & Co., by a conversation with Heine over the telephone. Before Scheftels & Co. can be bound it must affirmatively appear that George had authority to make the contract. Heine, recognizing this necessity, called George to the witness stand to make the proof. But George testifies positively that he had no right to make such a contract without express authority, and that he had no such authority; that on submitting Heine's proposition, it was declined. True it is that Heine testifies that George accepted the order and undertook to execute it and buy the Trinity stock, but even were he correct in so stating, that would not be sufficient to bind Scheftels & Co. if in fact George had no such authority. There was no former course of dealing between the parties in other transactions, from which the authority of George might be inferred, because, for aught the record shows to the contrary, the parties do not appear to have had any business dealings prior to the one now under discussion. Scheftels & Co. could not be bound to execute the order contrary to their will, and as there was no contractual relation between the parties, Scheftels & Co. were not bound to inform Heine of their refusal to execute the order requested through George; so that no significance can be attached to the wording of their letter to Heine returning the Daly West mining stock. They certainly acted with the utmost promptness in so doing. The crucial question of George's authority, or rather lack of it, is supported by all of the testimony in

the record on that subject.    George and B. H. Scheftels both testify that George had no authority to make a deal on credit or to carry trades in stock except with the consent and under the direction of Scheftels & Co., and they both agree that when George made the proposition to Scheftels & Co. it was rejected.    The subsequent actions of the parties are all consistent with such contention.    The testimony of Heine is insufficient to overcome the probative force of this proof. The verdict finds no support in the proof and is contrary to the greater weight of the evidence.    Heine failed to establish his claim by a preponderance of the evidence, and so failing, he has not fulfilled the elementary requirement of the law.    It therefore follows that the Municipal Court, in failing to grant a new trial and in entering judgment upon the verdict, committed vital error affecting the merits of the case.

For the errors indicated, the judgment of the Municipal Court is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

*Reversed and remanded.*